IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIM NO. 08–00149–CG–M |
| ) | |
| ANTHONY LAMAR DOUGLAS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant Anthony Lamar Douglas's motion to permit an out of time appeal (Doc. 65). Douglas filed this motion on July 19, 2017 and seeks leave to file an untimely appeal of this Court's Order (Doc. 64) denying his motion to reduce sentence pursuant to 18 U.S.C. §3582 (*See* Docs. 64, 65). The Court entered that Order on October 26, 2016. (Doc. 64).

In support of his motion, Douglas claims,

> The Defendant's mail has taken a considerable amount of time to reach him. In this regard, the Defendant has only now become aware of the fact that the Court has ruled on his motion. By the time the Defendant received this information the time for appeal under the rules had long since expired.

(Doc. 65, ¶ 2). Douglas is correct in his assessment of the expired time to appeal. Federal Rule of Appellate Procedure 4(b)(1)(A) states, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order

being appeal[.]" FED. R. APP. P. 4(b)(1)(A). Considering the subject order was entered on October 26, 2016, Douglas ought to have filed his appeal no later than November 9, 2016 (i.e., fourteen days after October 26).

Rule 4(b)(4) provides a thirty day grace period "[u]pon a finding of excusable neglect or good cause," but this thirty day extension is strictly limited. *See* FED. R. APP. P. 4(b)(4). The Eleventh Circuit has explained,

> Ordinarily, in a criminal case, "a defendant's notice of appeal must be filed in the district court within [14] days after" the entry of the order being appealed, under Rule 4(b)(1)(A). FED. R. APP. P. 4(b)(1)(A). This requirement is "jurisdictional and strictly applied." *United States v. Phillips*, 225 F.3d 1198, 1200 (11th Cir. 2000). Although the clerk of court must provide notice to the defendant regarding any order entered on any post-arraignment motion, a clerk's failure to do so "does not affect the time to appeal, or relieve—or authorize the court to relieve—a party's failure to appeal within the time allowed." Fed. R. Crim. P. 49(c).
> [. . .]
> Where a criminal defendant has filed a notice of appeal more than [14] days after the entry of an order, but within [44] days after the entry of an order, the district court has the responsibility to determine whether excusable neglect authorizes an extension of time. *United States v. Ward*, 696 F.2d 1315, 1318 (11th Cir. 1983). However, a district court **may not** extend the time for filing a notice of appeal more than 30 days beyond Rule 4(b)'s [14]-day deadline. *See United States v. Grant*, 256 F.3d 1146, 1150–51 (11th Cir. 2001). While FED. R. APP. P. 4(a)(6), which applies to civil cases, provides relief in civil cases based upon a lack of notice, Rule 4(b), which covers criminal appeals, does not contain a similar provision. *Compare* FED. R. APP. P. 4(a)(6)(B) *with* FED. R. APP. P. 4(b).

*United States v. Millsap*, 304 F. App'x 832, 833–43 (11th Cir. 2008); *see also U.S. v. Wright*, No. 8:03–CR–343–T–30EAJ, 2011 WL 1118937, at *1 (M.D.

2

Fla. Mar. 11. 2011) (applying *Millsap* to the 14-day revised appellate timeline from the 2009 Federal Rules of Appellate Procedure amendments).

Douglas's motion falls well outside the thirty-day extension conceived by FED. R. APP. P. 4(b)(4). Under these Rules, the latest date Douglas could have filed a motion for leave to file an out-of-time appeal was December 12, 2016, which accounts for the federal holidays observed in the month of November. Because Douglas filed his motion more than seven months past this strict deadline, the Court **DENIES** his motion for leave to file an appeal out of time (Doc. 65) as a matter of law.

**DONE** and **ORDERED** this 21st day of July, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

3